**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-5212**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SALVADOR CASTELLANOS GARCIA,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (CR-05-56)

_____

Submitted: July 25, 2006                    Decided: July 31, 2006

_____

Before MOTZ, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

U. Wilfred Nwauwa, LAW OFFICES OF U. WILFRED NWAUWA, Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Thomas A. O'Malley, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Salvador Castellanos Garcia pled guilty, without a plea agreement, to one count of possession with intent to distribute at least 500 grams of cocaine, 21 U.S.C. § 841(a)(1) (2000), and one count of use of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c) (2000). Garcia was sentenced to the statutory mandatory minimum of 60 months imprisonment on each count, to run consecutively, followed by five years of supervised release. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but addressing whether the district court failed to adequately address the factors enumerated in 18 U.S.C. § 3553(a) (2000). Counsel also questions the "weight" the district court should give to the federal Sentencing Guidelines following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). Although informed of his right to file a supplemental pro se brief, Garcia has not done so. Finding no error, we affirm.

The district court appropriately treated the Guidelines as advisory, and properly calculated and considered the guideline range and the relevant § 3553(a) factors. However, because Garcia was subject to the mandatory statutory minimum sentence on each count, Booker is not implicated. See United States v. Robinson, 404 F.3d 850, 862 (4th Cir.)("Booker did nothing to alter the rule

that judges cannot depart below a statutorily provided minimum sentence . . . . [A] district court has no discretion to impose a sentence outside of the statutory range established by Congress for the offense of conviction."), <u>cert. denied</u>, 126 S. Ct. 288 (2005).

We therefore affirm Garcia's conviction and sentence. In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>